Estate of Sanders Mallory, Jr., Deceased, Louis F. Simmons, Jr., Administrator v. Commissioner.
Estate of Mallory v. Commissioner
Docket No. 4864-68.
United States Tax Court
T.C. Memo 1971-82; 1971 Tax Ct. Memo LEXIS 245; 30 T.C.M. (CCH) 335; T.C.M. (RIA) 71082; April 26, 1971, Filed. Samuel C. Gardner and Louis F. Simmons, Jr. , Guardian Bldg., Detroit, Mich., for the petitioner. Charles S. Stroad, for the respondent. 336 FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined deficiencies in the income tax of Sanders Mallory, Jr., deceased, for 1963 and 1964 in the respective amounts of $9,988.78 and $2,660.58, and additions to tax for fraud under section 6653(b) [1] in the respective amounts of $4,994.39 and $2,914.04, together with an overassessment of a delinquency penalty under section 6651(a) in the amount of $48.40 for 1963. At the trial, respondent conceded the additions to the tax. The only issue presented for decision is whether respondent correctly computed the taxable income of Sanders Mallory, Jr., for 1963 and 1964 through the use *246 of the cash expenditures method of income reconstruction. Findings of Fact Louis F. Simmons, Jr., Administrator of the Estate of Sanders Mallory, Jr., Deceased, was a legal resident of Detroit, Michigan, at the time he filed his petition. Sanders Mallory, Jr. (hereinafter Mallory), died September 14, 1966. Mallory filed various income tax returns for 1963 and 1964 with the district director of internal revenue at Detroit, Michigan, as follows: Period
Date Filed
Total IncomeTax Reported
1-1-63 to 7-8-63
7-29-63
$ 2,000.00
1-1-63 to 9-13-63
9-13-63
6,719.00
Calendar year 1963
* 2- 7-64
10,000.00
Calendar year 1964
3-25-66
13,940.00 Some of these returns and other papers filed with the Internal Revenue Service reflect that Mallory was employed by the Styl-O-Rama Barber Shop, but he never worked there. Mallory maintained no books and records of his income and expenditures, and respondent employed the *247 cash expenditures method of income reconstruction in determining the deficiencies for 1963 and 1964. Prior to, and during, 1963 and 1964, Mallory was arrested approximately 35 times on various charges, including gambling and narcotics infractions. He was convicted of both Federal and state narcotics violations. At the times of his arrests in 1963 and 1964, he had in his possession substantial amounts of currency. Some of this money was seized by the Internal Revenue Service and credited to his various Federal tax assessments, as follows: 1963
Amount inPossession
Seized byI.R.S.
Mar. 3
$ 895.00
$ 0
July 7
4,719.00
1,229.00
Sept. 7
1,379.00
0
Sept. 27 3,129.00
3,129.00
Total
$10,122.00
$4,358.00
1964
Mar. 30
$ 6,206.00
$ 738.66
May 8
7,340.00
5,736.11
June 15
1,655.00
1,655.00
Aug. 12
6,660.00
0
Sept. 23 7,780.00
0
Total
$29,641.00
$8,129.77
From 1960 through 1965, Mallory and Alice Bailey lived together as common-law man and wife. From time to time he left moneys with her in their apartment. On one occasion when he was arrested in 1963, she and Mallory's father delivered $15,000 of these funds to the Goldfarb Bonding Agency *248 to obtain a bail bond for Mallory. Other similar payments were made to Goldfarb Bonding Agency to assist in obtaining Mallory's release from arrests during both 1963 and 1964 in the respective amounts of $5,300 and $5,745. During 1963, Mallory made payments totaling $1,607.65 to the Detroit Bank and Trust Company on a mortgage covering a 1963 Cadillac automobile. On June 20, 1963, Mallory rented a safedeposit box. On June 25, 1963, the lease of this box was modified to give both Mallory and his father right to access thereto. Mallory entered the box on numerous occasions during 1963, and on two occasions he was accompanied by his father. Mallory's cash expenditures and living costs, reported taxable income, and understatements of income for 1963 and 1964 are, as follows: 1963
1964
Expenditures
Goldfarb Bonding Agency
$ 5,300.00
$ 5,745.00
Goldfarb Bonding Agency
15,000.00
Federal income taxes paid
4,358.00
8,129.77
Cash on hand, Aug. 12, 1964
$ 6,600.00
Automobile payments
$ 1,607.65
Living expenses 2,592.35
$28,858.00
$20,474.77
Less income reported on returns 10,000.00
13,940.00
Understatements of income
$18,858.00
$ 6,534.77
*249 Opinion In view of Mallory's failure to maintain any books or records of his income and expenditures, petitioner does not challenge the right of respondent to employ the cash expenditures method of income reconstruction. However, focusing primarily upon the $15,000 payment to Goldfarb in 1963, petitioner contends that respondent has misused that method in that he has not shown that this amount was not on hand at the beginning of 1963. On this ground, he contends that the determined understatement of income is excessive. Petitioner's argument misconceives the rule as to the burden of proof. Rule 32 of the Rules of Practice of this Court provides that the burden of proof "shall be upon the petitioner, except as otherwise provided by statute, and except that in respect of any new matter pleaded in his answer, it shall be upon respondent." See also, . The application of the rule in a cash expenditures method of income reconstruction situation is illustrated by (C.A. 5, 1956), modifying a Memorandum Opinion of this Court, on which petitioner relies. In that case, the evidence was *250 skimpy, and the Court of Appeals sustained the deficiency determined in the notice but held that, as to the items on which the Commissioner had the burden of proof - fraud and additional deficiencies pleaded in the answer - he had failed to make the requisite proof. Since respondent here conceded that additions to tax under section 6653(b) were not applicable, the burden of proof rested entirely with petitioner. See also, (C.A. 5, 1964). He failed to show that any of the $15,000 (or any other amount in dispute) was the fruits of petitioner's pre-1963 activities. Petitioner also argues that the evidence that Mallory was in possession of moneys when he was arrested on the various occasions in 1963 and 1964 does not show that such amounts were taxable income. Here, again, however, the burden of proof rested with petitioner, and he offered no evidence whatever to show that these items were not taxable income. Nor did he attempt to show that any of the cash on hand at the times of the arrests was included in respondent's computations more than once. We are constrained to sustain respondent's determination except as modified in *251 our Findings. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.↩
*. This is actually the date on which the return is shown to have been signed; the record does not show the date of filing.↩